## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

Joshua Thomas Boggess,

                 Petitioner,      Case No. 25-11949

v.                              Judith E. Levy
                                United States District Judge

City of Flint, *et al.*,

                            Mag. Judge David R. Grand

                 Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS [1] AND DENYING CERTIFICATE OF APPEALABILITY

Currently before the Court is Petitioner Joshua Thomas Boggess's Petition for a Writ of Habeas Corpus, filed by his purported "next friend" Jason Dye. (ECF No. 1.) Dye has not shown that he can seek federal habeas relief on behalf of Boggess. Therefore, the Court dismisses the petition and denies a certificate of appealability.

### I.    Background

On June 27, 2025, Jason R. Dye filed a habeas petition as "a private citizen and constitutional advocate, acting in next friend status for Joshua Thomas Boggess." (ECF No. 1, PageID.1.) Dye claims that

Boggess was "unlawfully arrested during or shortly after a public meeting for peacefully requesting badge numbers from Flint Police officers." (*Id.* at PageID.2.)  Dye asserts officers lacked probable cause to arrest Boggess and that Boggess was arrested in retaliation for "demanding lawful transparency." (*Id.*)  Dye states that, as a condition of bond, Boggess has been prohibited from speaking at future city council meetings. (*Id.*)

Dye lists the following as respondents: (1) City of Flint, (2) Flint Police Department, (3) Councilwoman Candice Mushatt, (4) Council President Ladel Lewis, (5) Councilwoman Judy Priestly, (6) unknown Genesee County officers, and (7) John Doe government officials 1-100. (*Id.* at PageID.1.)  Dye alleges violations of his First, Fourth, Eighth, and Fourteenth Amendment rights. (*Id.* at PageID.2.)

## II.   Legal Standard

After a petition for writ of habeas corpus by a state prisoner is filed, the Court must undertake preliminary review to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases. If the Court determines that the

2

petitioner is not entitled to relief, the Court must summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Carson v. Burke*, 178 F.3d 434, 436 (6th Cir. 1999); Rule 4, Rules Governing § 2254 Cases.

### III.   Analysis

An application for a writ of habeas corpus may be filed by one person on behalf of another. 28 U.S.C. § 2242 ("Application for writ of habeas corpus shall be in writing signed and verified by the person for whose relief it is intended or by someone acting in his behalf."). However, "next friend" status will not be granted automatically. *Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990).

Two "firmly rooted prerequisites" must be satisfied before "next friend" status will be conferred. *Id*. First, "a 'next friend' must provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why the real party in interest cannot appear on his own behalf to prosecute the action." *Id*. Second, "the 'next friend' must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *Id*.  Courts impose these restrictions on who may act as a "next friend" because "[i]t was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited

meddlers, styling themselves next friends." *Id.* at 164 (citation omitted); *see also Cardin v. United States,* 947 F.3d 373, 376 (6th Cir. 2020) ("The 'next friend' doctrine is a device to determine when a motion for collateral relief brought by a person who does not have standing to pursue that relief should be deemed brought by a person who does.").

Dye makes no attempt to satisfy either prerequisite. He does not allege, much less demonstrate, that he and Boggess have a relationship, let alone a significant one. Dye also does not claim that Boggess is incapable of filing his own petition. In fact, Boggess recently filed a pro se complaint in this Court. *See Boggess v. City of Flint, et al.*, No. 25-11886. Nothing in that filing suggests that Boggess is incapable of protecting his own interests.

In short, there is no indication that Boggess is even aware of this petition or that he is incapable of filing on his own behalf. The Court, therefore, will dismiss the petition without prejudice. *Whitmore*, 495 U.S. at 166 (dismissing petition for lack of jurisdiction where individual lacked standing to pursue habeas petition on prisoner's behalf).

Before this decision may be appealed, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); *Winburn v. Nagy*, 956 F.3d 909,

911-912 (6th Cir. 2020) (ruling that a state pre-trial detainee must obtain a certificate of appealability to appeal the denial of a habeas petition). The Court denies a certificate of appealability because reasonable jurists would not find the Court's ruling debatable.

## IV.    Conclusion

Accordingly, the petition for a writ of habeas corpus is **DISMISSED**. A certificate of appealability is **DENIED**.

IT IS SO ORDERED.

Dated: September 16, 2025          s/Judith E. Levy
      Ann Arbor, Michigan          JUDITH E. LEVY
                       United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on September 16, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager